# C. A. JOHNSON, Respondent, v. A. B. LARSON, as Administrator of the Estate of George Alderin, Deceased, Appellant.

(216 N. W. 895.)

**Executors and administrators — comaker's claim against another is a contingent claim.**

    1. A number of individuals were comakers of a promissory note. One of them died and an administrator of his estate was appointed, who gave the statutory notice to creditors. Although the note was mature during the period for filing claims, no claim was filed. Thereafter action was brought by the payee against the makers and judgment obtained against the defendants other than the administrator of the deceased maker. The plaintiff paid the judgment and sues the administrator of the deceased for contribution. It is *held:*

    A claim for contribution by one comaker against another is a contingent claim, within § 8736 of the Compiled Laws of 1913,

**Executors and administrators — contingent claim must be filed with time prescribed by law.**

    2. Under § 8736 of the Compiled Laws of 1913, a contingent claim must be filed within the period prescribed for the filing of claims against the estate of a deceased person, or it is forever barred.

Note.— (2) Contingency of claim as affecting limitation of time for its presentment, see annotation in 58 L.R.A. 82; 34 A.L.R. 372; 11 R. C. L. 205; 6 R. C. L. Supp. 656.

**Executors and administrators — statute of nonclaim — not statute of limitations.**

3. Section 8736 of the Compiled Laws of 1913 is a statute of nonclaim and not a statute of limitations.

Opinion filed December 12, 1927.

Executors and administrators, 24 C. J. § 947 p. 325 n. 27; § 948 p. 328 n. 34; § 958 p. 337 n. 92.

Appeal from the District Court of Mercer County, *Berry, J.*
Reversed and dismissed.

*Hyland & Foster* and *Burton Wilcox,* for appellant.

"It is not necessary for the defendant to plead noncompliance with the statute, but the plaintiff must affirmatively establish compliance as a part of his case." 3 Bancroft, Code Pl. 2311, ¶ 1417.

The statute with reference to presenting claims to the administrator and limiting the time in which to do it is not a statute of limitation, but a statute of nonclaim and cannot be waived by the administrator. Mann v. Redmon, 27 N. D. 346, 145 N. W. 1031.

"All the facts necessary to show a valid presentation and rejection with the dates on which they severally occurred, should be alleged." 3 Bancroft, Code Pl. 2313, ¶ 1418.

"A surety against whom a judgment has been recorded, and who has paid the debt, cannot recover as for contribution against his cosurety as to whom the cause of action was barred at the date of judgment." Lovel v. Nelson, 11 Allen, 101, 87 Am. Dec. 706; Shelton v. Farmer, 9 Bush, 314.

The right of contribution only applies where one of the parties liable has paid a claim for which all were liable. Andrews v. Murray, 33 Barb. 854.

A cosurety who has contributed his share of the principal debt to a cosurety who has satisfied the whole debt cannot recover the amount so paid in contribution of their principal when the liability of the latter has been extinguished by the statute of limitation. Stone v. Hammel, 83 Cal. 547.

*Sullivan, Hanley & Sullivan,* for respondent.

"If evidence is admitted without objection to prove facts imperfectly

pleaded, the defect will be deemed waived where the evidence is not objected to when offered." Rogers v. St. Paul, 86 Minn. 98, 90 N. W. 155; Strait v. Eureka, 17 S. D. 326, 96 N. W. 695.

"The admission of evidence outside the issues without objection has the effect of enlarging the pleadings so as to include the issues so raised." Houston River Canal Co. v. Reid, 53 So. 887.

"The doctrine of contribution is said to rest upon principles of equity and does not arise from contract." 13 C. J. 821.

"The contract on which parties are codebtors or sureties only expresses the relation between them and their creditors and is entirely distinct from the right of contribution which exists between themselves." Durbin v. Kuney, 19 Or. 71, 23 Pac. 661.

"The right of contribution is not derived from the principle of subrogation." (15). 13 C. J. 822.

"The right is not joint but several." (49). 13 C. J. 824.

"The fact that the one from whom contribution is sought was voluntarily dismissed from the action by the obligee is no defense. (12)." 6 R. C. L. 1044; Dole v. Warren, 32 Me. 94, 52 Am. Dec. 640.

"The right of contribution rests upon an implied contract to repay, which contract the law itself implies from the relationship of the parties. Such implied contract is several and not joint." Yore v. Yore, 240 Mo. 451, 144 S. W. 847.

"The limitation applicable to an action for contribution is that fixed for an implied contract." Nelson v. Fry, 16 Ohio St. 552, 91 Am. Dec. 110; 13 C. J. 833.

"Where the party paying the judgment has taken an assignment he is entitled to the benefit of the judgment for the purpose of enforcing contribution and by taking out execution." 13 C. J. 833.

BIRDZELL, Ch. J. In March, 1923, the plaintiff and five other persons executed a promissory note for $3,327, payable to the order of the Kandiyohi County Bank of Willmar, Minnesota, on November 1, 1923. The following month George Alderin, one of the makers, died. The defendant, Larson, was appointed administrator of his estate, and in July, 1923, notice to creditors was duly published. Pursuant to this notice the time to present claims against the estate expired on the 20th day of January, 1924. In October, 1924, the payee brought an action

upon the note in the district court of Mercer county against the makers, including the defendant herein as administrator. Judgment was rendered in the action against all the defendants except the defendant herein and as to such defendant the action was dismissed. It is claimed by the respondent the dismissal was due to the fact that no claim had been filed or presented against the estate of the decedent. The plaintiff herein brings this action against the defendant as administrator of the estate of George Alderin, deceased, alleging payment of the judgment and asking contribution. Judgment was recovered in the trial court. The defendant moved for judgment non obstante or for a new trial, which motion was denied. The instant appeal is from the order denying the motion and from the judgment.

It is asserted by the respondent, and apparently it was the theory of the trial court, that a claim for contribution is contingent until the party having such claim shall have paid the common creditor of himself and the deceased and that the statute of nonclaim in the probate code does not bar such contingent claim. It will be assumed, for the purpose of this opinion, that such a right of contribution is a contingent claim. See 58 L.R.A. page 88, note. This leaves as the turning point in the case the question as to whether or not a claim founded upon such a right is barred by § 8736 of the Compiled Laws of 1913. That section reads: "If a claim arising upon a contract heretofore made be not presented within the time limited in the notice, it is barred forever, except as follows: If it be not then due, or if it be contingent, it may be presented within one month after it becomes due or absolute; if it be made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the judge of the county court, that the claimant had no notice as provided in this chapter by reason of being out of the state, it may be presented at any time before a decree of distribution is entered; a claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged must be presented within one month after such deficiency is ascertained. All claims arising upon contract hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant as above provided, that he had no notice by reason of being out of the state, it may be presented

as therein provided; provided, further, that nothing in this section nor in the article contained shall be construed to prohibit the right or limit the time of foreclosure of mortgages upon real property of decedents, whether heretofore or hereafter executed, but every such mortgage may be foreclosed within the time and in the mode prescribed by the code of civil procedure, except that no balance of the debts secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debts were presented as required by this code."

On the face of this statute there is an apparent inconsistency, unless we regard two words as having been used for a definite purpose. The forepart of the statute professes to bar all claims not presented within the time specified in the notice, except claims which are not due or contingent and as to them it provides that they may be presented within one month after they become due or absolute. The latter part of the same section professes to bar all claims, whether the same are due, not due or contingent. The apparent repugnancy is avoided by the adverbs "heretofore" and "hereafter," so that as to contracts "heretofore" made the limitation is as prescribed in the forepart of the statute; but as to those "hereafter" made, it is as contained in the latter part. Heretofore and hereafter in this connection clearly, we think, has reference to the time of the passage of the statute, so that any contingent claim, or one not yet due upon a contract made before the passing of the statute, would be limited according to the first part of the statute; and contracts thereafter made, according to the second part. The contract in question was, of course, made after the passage of the statute, and a claim arising thereon, though contingent, is barred by force of the unambiguous language employed.

We have not been content to extract from this statute the meaning above ascribed to the legislature without a careful examination into its history. We find upon such investigation that the language was first employed in the Probate Code of 1877, as § 140 of such code. For the purpose of applying a limitation upon the presentation of claims, and particularly contingent claims, the same distinction was there made between contracts made before the passage of the probate code and those made thereafter. That section reads:

"If a claim arising upon a contract heretofore made, be not presented within the time limited in the notice, it is barred forever, except as

follows: If it be not then due, or if it be contingent, it may be presented within one month after it becomes due or absolute; if it be made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the judge of the probate court, that the claimant had no notice, as provided in this chapter, by reason of being out of the territory, it may be presented at any time before a decree of distribution is entered; a claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged must be presented within one month after such deficiency is ascertained. All claims arising upon contracts hereafter made, whether the same be due, not due, or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, as above provided, that he had no notice, by reason of being out of the territory, it may be presented as therein provided."

This remained the law in the territory and the state until the code was revised in 1895, at which time this section was amended. See § 6403, Revised Codes of North Dakota for 1895. This amendment required all claims of every description, including unliquidated demands and debts not due, and claims arising out of a liability of any person as surety for a decedent and other contingent claims, to be presented within the time prescribed in the notice; but it contained a further provision authorizing their presentation after the time, upon a showing made to the satisfaction of the court before final distribution that the holder had not been negligent, etc. In 1897 this provision was supeseded by the section which is now § 8736 of the Compiled Laws of 1913 (the one under consideration). See chapter 111, art. 5, ¶ 4, Session Laws of 1897. It is apparent on the face of these statutes that beginning in 1877 it was desired to make the statute of nonclaim applicable to contingent claims and that, in order to visit no hardship or injustice upon claimants whose claims should arise out of contracts made before the statute was enacted, the limitation should not be applied in such cases until the debt had become due or the contingent claim absolute.

This purpose appears not only in the statute of 1877, but is equally apparent in every enactment touching the matter since that time. See Revised Codes of 1895 and Session Laws of 1897, supra. A further evidence of such a consistent purpose is found in a re-enactment of this,

statute which took effect July, 1925 (see chap. 120, art. 2, § 10, Session Laws of 1925), where all reference to claims upon contracts *heretofore* made is omitted and all claims contingent or otherwise are required to be presented within the statutory period. We are clearly of the opinion that the claim in question, as a contingent claim, was barred by the provisions of § 8736 of the Compiled Laws of 1913.

Counsel for the respondent cite two Minnesota cases arising under a somewhat similar statute (Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069; Oswald v. Pillsbury, 61 Minn. 520, 63 N. W. 1072), in which it was held that certain classes of contingent claims were excepted from the operation of the statute of nonclaim by implication and urge that a claim, such as the present, should be held to constitute such an exception. See Baird v. McMillan, 53 N. D. 257, 41 A.L.R. 177, 205 N. W. 682. The reasons for the implied exception under the Minnesota statute are expressed in the opinion of Chief Justice Start in the Hantzch Case, supra, one of the principal reasons being as follows (page 367):

"The statute provides for the payment of all claims which are certain and liquidated, whether due or not due; also for contingent claims which become absolute and capable of liquidation within the eighteen months allowed for the presentation and proof of claims, for, if they become absolute within the limited time, they can be paid as other claims; but, for claims which are contingent when this time expires, there is absolutely no provision of the statute for their payment, or provision for retaining in the control of the court any funds to pay them in the future in case they become absolute, or for suspending the settlement of the estate until that event occurs, if ever.

"It is not to be presumed that the authors of the statute intended to provide for the proof of claims against a decedent's estate, and bar all subsequent action thereon if they were not so proved, and provide no possible way for their payment. . . ."

In our probate code there has been provision for protecting the holder of a contingent claim out of the assets of the estate or otherwise from the time of the earliest efforts to limit the filing of such claims. See § 263 of the Probate Code of 1877; § 8761, Compiled Laws of 1913. The above reason for implying an exception in favor of some contingent claims, therefore, does not exist in this state.

The respondent further contends that until he had discharged the

obligation the right of contribution was merely inchoate (13 C. J. 823), and that in fact he had no right of action until he had paid more than his portion of the liability (6 R. C. L. 1041) ; that inasmuch as the period of the statute had run before such payment was made, the defendant should be compelled to respect the obligation of the deceased to contribute, following the analogy of the statute of limitations. The argument, as we understand it, is that, since, according to the better view, a cosurety paying the indebtedness, notwithstanding the bar of the general statute of limitations, has a right to compel his cosureties to contribute, he should not be denied that right through the failure to present a claim before it had arisen; that, though the general statute of limitations had not barred the right of the payee of the note in the instant case, it was barred by the nonclaim statute as to the defendant at the time it was paid by the plaintiff, and that, therefore, the principle of the statute of limitations cases applies. The situation is not analogous. The claim existed as a contingent one from the time the note was executed and it could have been filed as such within the statutory period. The statute of nonclaim is not a statute of limitations. Mann v. Redmon, 23 N. D. 508, 137 N. W. 478. It attaches certain definite consequences to the failure to present a claim within the prescribed time. The estate of a deceased cosurety might be liable to contribute to a surety that had paid their common obligation after the statute of limitations had run; but, in order to realize upon the liability, it would be necessary for the claim, whether absolute or contingent in form, to be filed within the period prescribed by the statute of nonclaim.

It follows from what has been said that the judgment must be reversed and the action dismissed. It is so ordered.

BURKE, BURR, CHRISTIANSON, and NUESSLE, JJ., concur.