LₑSUEUR, Respondent, v. QUILLIAN, et al, Appellants.

(228 N. W. 380.)

(File No. 6661.   Opinion filed December 31, 1929.)

*L. M. Simons,* of Belle Fourche, for Appellant.
*J. W. Malvin,* of Belle Fourche, for Respondent.

BROWN, J. On December 1, 1921, C. H. Quillian by warranty deed conveyed to respondent the north one-half of lot 8 and lots 9 and 10, in block 12, of the city of Belle Fourche, on which he had previously given a mortgage. This mortgage, not being paid, was foreclosed, and sheriff's deed for the premises issued January 20, 1925, under which respondent was evicted. Quillian died in January, 1923, and his widow, Emma Quillian, was appointed executrix of his will, and notice to creditors to present claims against the estate was given by publication, first publication being on February 8, 1923. Respondent presented no claim within the time limited, but on February 16, 1926, and while administration had not yet been closed, she presented a claim for $1,861.31, being the amount of the consideration recited in her deed from Quillian, with interest thereon from January 20, 1925, the date of the eviction. The claim was rejected, and respondent brought this action to recover the amount of the claim.

Hildred Jane Hughes is a daughter of Quillian, and all of his estate, which included land in Texas of the value of at least $5,000, was devised in equal shares to his widow, Emma, and his daughter, Hildred Jane Hughes.

From a judgment on a directed verdict for the amount of the claim, and from an order denying a new trial, defendants appeal.

■ The motion for a directed verdict was made upon the ground that defendants, being heirs and devisees of the covenantor, Charles H. Quillian, are responsible to plaintiff upon the covenant of warranty to the extent of the land descended and devised to them, and that the Texas land was of the value of at least $5,000, and respondent says that the judgment is authorized by the terms of Rev. Code 1919, § 555, which provides that the heirs and devisees of any person who has made any covenant in reference to the title of any real property are answerable upon such covenant to the extent of the land descended and devised to them, in the cases and in the manner prescribed by law. This was section 3254 of the Compiled Laws of 1887, and as such was under consideration in the case of Woods v. Ely, 7 S. D. 471, 64 N. W. 531. It was there said that the section does not create a new or independent cause of action against heirs, but simply declares a remedy which may be pursued upon a claim upon the covenant or agreement of the ancestor, and must be construed as supplementary to the general statutory provisions for the establishment of claims against estates, and that no action can be maintained against an heir on a liability declared by this section, unless the claim has been presented, like other claims, in the ordinary course of administration of the decedent's estate. In that case the deceased had sold to plaintiff land in Texas, to which it was alleged he had no title, and plaintiff brought action against the devisees of land in this state, for the sum of $1,000, the consideration which he alleged he paid for the Texas land. Deceased was a resident of Illinois, and his estate was probated there, and notice to creditors given in that state. This court held that the covenant of title was broken as soon as made, that plaintiff had claim for the recovery of the consideration at the time of the death of decedent, and that his failure to present that claim to the executor within the time prescribed in the notice to creditors in Illinois precluded a recovery against the heirs or devisees, under the provisions of section 3254 of the Compiled Laws of 1887, section 555 of the Revised Code of 1919. "The covenant against encumbrances is generally regarded as a covenant in præsenti, broken, if at all, as soon as made." 15 C. J. 1247.

■■ The incumbrance against the land in the instant case existed at the time of Quillian's conveyance to plaintiff, and the

covenant against incumbrances was broken as soon as the warranty deed to plaintiff was delivered. Therefore, at the time of Quillian's death and during the period within which creditors might present claims was running, plaintiff had a claim which could have been presented to the executrix. It is true that the claim was contingent; that, if Quillian's executrix or heirs should pay off the incumbrance, no claim in favor of plaintiff would thereafter exist, but contingent claims, as well as claims that have become absolute and due, are required to be presented. "All claims arising upon contract, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is forever barred." Rev. Code 1919, § 3389.

Our statutory provisions on this subject are practically identical with those of California, and it is there held that, unless a contingent claim has been presented, no action can be maintained thereon. Tropico Land & Improvement Co. v. Lambourn, 170 Cal. 33, 148 P. 206. In this case it was held that a claim contingent on a breach of warranty by a grantor, since deceased, must be presented within the time prescribed in the notice to creditors as a contingent claim, and, if not so presented, no action can be maintained thereon.

Respondent cites Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069, 1070, as supporting the contention that contingent claims though not presented, are not barred. The Minnesota statute on the subject at the time that case was decided was substantially similar to ours. It provided: "All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented to the probate court within the time limited in said order, and any claim not so presented is barred forever. * * * If the claim be not due, or be contingent, when presented, the particulars of such claim must be stated." The Minnesota court held that the statute, in so far as it related to contingent claims, could not be construed literally, and in support of this position it referred to the fact that nowhere in the statutes of Minnesota was any provision made for the payment of such claims, or for retaining in the control of the court any funds to pay them in the future, in case they became absolute.

But in this state the statute does not omit provision for the payment of this class of contingent claims. Rev. Code 1919, §

3412, provides that, if there is any claim not due, or any contingent or disputed claim against the estate, the amount thereof, or such part of the same as the holder would be entitled to, if the claim were due, established, or absolute, must be paid into court, and there remain to be paid over to the party when he becomes entitled thereto, or, if he fails to establish his claim, to be paid over or distributed as the circumstances of the estate require. In the instant case, plaintiff's claim for the amount of the consideration named in her deed could have been presented as a contingent claim and, if allowed, the amount thereof could have been paid into the court, under the provisions of this section of the Code, there to remain, to be paid to plaintiff when her claim became absolute, upon her eviction under the sheriff's deed on foreclosure of the mortgage.

Under a statute quite similar to our own, the Supreme Court of North Dakota, in the recent case of Johnson v. Larson, 56 N. D. 207, 216 N. W. 895, held that a contingent claim for contribution by one comaker of a promissory note against the estate of his deceased comaker was barred, if not presented within the time prescribed by statute and the notice to creditors.

The further contention of plaintiff that fraud of the executrix in omitting from her sworn inventory land belonging to the deceased in the state of Texas to the value of $15,000, and stating to plaintiff that there was no money with which to pay off the incumbrance on plaintiff's property, estops the executrix from availing herself of the nonclaim statute cannot be sustained. The fact that there are insufficient assets in an estate to pay the claims against it is no excuse for a creditor failing to present his claim. 24 C. J. 321, § 941; Id. 364, § 1022.

Nor can it be maintained that defendants Emma Quillian and Hildred Jane Hughes, as heirs and devisees receiving property of Charles H. Quillian, are estopped from setting up the nonclaim statute. There is no evidence whatever in the record that plaintiff was induced to refrain from filing her claim by reason of any representations made by any defendant, or that she relied upon any statement, act, or conduct of defendants or either of them. The only evidence at all on this subject is that of Mrs. Quillian, who testified that Mrs. LeSueur "came to see if we could take up the mortgage, and I told her that we couldn't do anything at that

time, because there was no money," and the vague and indefinite testimony of an attorney representing plaintiff, about a conversation he had with the attorney for the executrix in the probate proceedings, from which he got the impression that there were not sufficient funds in the estate to pay plaintiff's claim. But there is no evidence that this conversation in any manner influenced either the attorney or plaintiff to refrain from filing her claim. There is not a syllable of evidence that plaintiff refrained from filing a claim in consequence of anything that was said to her by defendants or by any one on their behalf. "To constitute an estoppel it is not sufficient to show that the language, acts, or conduct of one *might* have misled a party to his prejudice; but it must affirmatively appear that such party was in fact misled or induced by such acts, conduct, or language to do something that he would not otherwise have done, except for such acts, language, or conduct." Sutton v. Consolidated Apex Min. Co., 15 S. D. 410, 89 N. W. 1020, quoted and followed in Smith v. Cleaver, 25 S. D. 351, 126 N. W. 589.

The judgment and order appealed from are reversed, with directions to dismiss the case on the merits.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.
CAMPBELL, J., concurs in result.