A. B. LARSON, as Administrator of the Estate of George Alderin, Deceased, Appellant, v. NATIONAL SURETY COMPANY, a Corporation, Respondent.

(235 N. W. 495.`

Opinion filed March 9, 1931.

*Burton S. Wilcox* and *Hyland & Foster,* for appellant.

*F. E. McCurdy,* for respondent.

NUESSLE, J. This is an action to recover the proceeds of a certain certificate of deposit. The plaintiff is the administrator of the estate of George Alderin, deceased. An action was begun against him as administrator. Judgment was taken against him in the district court. Thereupon he perfected an appeal. He was required to furnish a supersedeas bond. He applied to the defendant National Surety Company for such a bond. Defendant agreed to provide it for a cash premium of $20, on condition that Larson pledge sufficient collateral as security. This, Larson agreed to do, and applied to the probate court for an order permitting him to pledge a certificate of deposit which he held for money, a part of the Alderin estate. The court authorized him to pledge this certificate. The certificate was dated February 12, 1927, and was for $900, payable in six or twelve months, with interest at 5 per cent. The certificate was payable to Larson as administrator. Pursuant to the authorization of the probate court he endorsed the certificate and turned it over to the defendant company. The bond was provided and the appeal was perfected. Larson made written application for this bond in which he stipulated, among other things:

"The Indemnitor (Larson) expressly authorizes and empowers the Company (the defendant) at its option, to take and hold as additional collateral, and for additional security, any and all stock increases and stock or other dividends or maturing interest in the principal of said collateral security, which may be had or paid upon any of the collaterals hereinbefore described. The Company, at its option, may, and in his own name, present for payment any of said collaterals upon

which any sum of money may be due and demand and receive the amounts due thereon, and may enforce the payment thereof, and maintain such actions thereon as it may deem expedient, and the net amounts collected and received, after the expenses, including attorneys' fees, shall have been deducted, shall be dealt with as above provided with reference to the proceeds of the sale of collaterals; but it is expressly agreed that the Company does not undertake, nor shall it be under any obligation to collect or attempt to collect or present for payment, any of said collaterals, and no liability on the part of the Company shall arise by reason of. its failure to collect or present for payment any of the same, nor shall the Company be liable for any act or omission of any 'agent or agency by it employed in the collection of, or otherwise in connection with the handling, caring for, or realizing upon, the said collaterals or any part thereof."

On October 25, 1927, the defendant surrendered the certificate pledged with it by Larson to the bank which had issued the same and took a new certificate in lieu thereof for the amount ($932.75) of the old certificate and interest to that date at the stipulated rate. This new certificate was for one year, drew interest at 5 per cent per annum, and was payable to the defendant company. It recited that the money it represented was deposited by the plaintiff as administrator. In fact Larson had no knowledge of the transaction.

The case in the supreme court was decided in Larson's favor on December 12, 1927. On January 27, 1928, Larson's attorney wrote the defendant company advising as to the outcome of the appeal, cited the company to the Northwestern Reporter (216 N. W. 895), in which the case was reported, and demanded back the certificate of deposit which had been left with the defendant as security. The company, however, required a certified copy of the judgment entered pursuant to the outcome of the appeal. This the plaintiff furnished, sending it to the company's agency in St. Paul, through which the bond had been procured, on February 13, 1928. Thereafter and on the 23rd of February the agency at St. Paul, having in the meantime received the certificate from the New York office, mailed it to the plaintiff. The bank failed and closed its doors on February 26th. Plaintiff refused to accept this certificate, contending that the defendant company had no authority to convert the original certificate into the one taken

by the company or to extend the time of payment of the money represented by the original certificate. Thereafter plaintiff demanded of the defendant the amount of the original certificate with interest pursuant to its terms, and interest on the whole sum at the legal rate from February 12, 1928. This demand was refused and the instant action was begun. The defendant had judgment in the district court and plaintiff appeals.

As we understand the plaintiff's position in this court, it is that the defendant had no authority after the due date of the certificate to redeposit the proceeds, and it did so at its peril; that, in any event, when it surrendered the original certificate and took a new one for the amount due thereon, payable at the expiration of one year from that date, it exceeded its authority; that its action in so doing amounted to a conversion and it became responsible for the money received upon proper demand by the plaintiff. On the other hand, the defendant insists that under the terms of the contract the plaintiff had the right to surrender the original certificate and take a new one for the amount then due; that it acted within its authority and for the advantage and benefit of the plaintiff; that there would have been no lawsuit if the bank issuing the certificate had not failed; that the plaintiff is better off by reason of the defendant's action than it otherwise would have been; that, in any event, the defendant is not responsible for the acts of its agents in the premises since the contract absolved it from liability therefor.

The terms of the written contract must prevail. Under this contract, the pertinent portion of which we have quoted above, the defendant was authorized whenever it saw fit and without notice, to collect the certificate of deposit turned over to it by the plaintiff. But it was not required to do this. Whether what it did do amounted to a collection or merely to an extension of the obligation is here immaterial. The fact remains that the defendant surrendered the original certificate and procured the issuance of a new certificate, payable in the future—long after the final date of maturity of the original. When it did this without the knowledge or consent of the plaintiff its action amounted to a conversion of the original certificate. See 31 Cyc. 838, et seq., and cases cited. It is true that the bank was solvent at the time the new certificate was issued and remained solvent up to the very day on which

this certificate was tendered to the plaintiff. But the fact that it became insolvent and closed on that day is merely an incident in the case and does not absolve the defendant from complying with the terms of its contract. That contract was to surrender to the plaintiff at the proper time on proper demand the collateral which had been given to it by him, or in case the defendant had collected the money represented by the collateral, then the proceeds less the expenses attendant on collection. Section 6792, Comp. Laws 1913. See, also, 31 Cyc. § 838. Though the bank had not failed the defendant's obligation would have been the same and plaintiff could not have been required to accept a certificate on February 25, 1928, which was not due and payable until October 25, 1928.

There is no merit to the defendant's contention that it cannot be held responsible because whatever was done was done by and through its agents. The defendant could act only through its agents. Here, it accepted and retained the certificate of deposit issued on October 25, 1928. Whatever was done in the premises was done by the defendant and it must be responsible for the consequences.

Accordingly the judgment must be reversed and judgment entered for the plaintiff for the sum of $932.75, and interest thereon at the legal rate from and after February 26, 1928.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL, and BURKE, JJ., concur.