In the Matter of the ESTATE of Leonard Earl SNYDER, Deceased.

Paul E. BAKER, Plaintiff in Error,

v.

Mary Susan SNYDER, Administratrix of the Estate of Leonard Earl Snyder, Deceased, Defendant in Error.

No. 43825.

Supreme Court of Oklahoma.

March 7, 1972.

Charles P. Gotwals, Jr., W. Thomas Coffman, Gable, Gotwals, Hays, Rubin & Fox, Tulsa, for plaintiff in error.

J. Warren Jackman, Iverson & Jackman, Tulsa, for defendant in error.

LAVENDER, Justice:

The question presented by this appeal is whether a lessor of a long-term lease of business property is entitled, upon the death of a co-lessee, to have the property of the deceased held up and not distributed to his heirs so that the property will be available to satisfy any breach of the lease agreement which might occur before the expiration of the lease and which might result in loss to the lessor. Under the facts in this case, the surviving co-lessees of decedent had continued paying the rental called for in the agreement and the lease was in no way in default upon either the death of the deceased co-lessee or at any time subsequent thereto. The claimed right of the lessor is under 58 O.S.1971 § 596.

The cited statute provides as follows:

"Payment of unmatured, contingent, or disputed claims.—If there is any claim not due, or any contingent or disputed claim against the estate, the amount thereof, or such part of the same as the

holder would be entitled to if the claim were due, established or absolute, must be paid into the court, and there remain, to be paid over to the party when he becomes entitled thereto; or, if he fails to establish his claim, to be paid over or distributed as the circumstances of the estate require. If any creditor whose claim has been allowed, but is not yet due, appears and assents to a deduction therefrom of the legal interest for the time the claim has yet to run, he is entitled to be paid accordingly. The payments provided for in this section are not to be made when the estate is insolvent, unless a pro rata distribution is ordered. R.L.1910, § 6452."

The facts giving rise to the controversy are these:

On June 24, 1964, Paul E. Baker, plaintiff in error, as the lessor, entered into a written lease agreement with Family Theatres, Inc., an Oklahoma corporation, L. E. Snyder, Jr. and Marjorie J. Snyder, husband and wife, as lessees. By the terms of that agreement—a copy of which appears in the record—the lease was to run for a term of twenty years; to cover a theatre building, to be constructed by lessor, together with some surrounding lands; and to provide for the lessees to pay Baker the sum of $2,885.00 per month as rent plus an amount to be computed annually upon the basis of profit to be derived by the lessees from operating a motion picture exhibition business in the leased building. The lease contained a number of other provisions including some that pertained to cancellation of the lease agreement in the event the leased premises be condemned for public use or the building be destroyed by action of the elements. The lease contained two ten-year renewal periods optional with the lessees.

The lessor constructed the building and the lessees were engaged in operating under the lease when, on April 28, 1967, Mr. Snyder, the above named lessee, died intestate. Apparently Mr. Snyder left only his wife, the above Marjorie J. Snyder, and his daughter Mary Susan Snyder, as his heirs at law. The daughter was appointed administratrix. Notice to creditors was given by the administratrix and, within the time for the filing of claims against the estate, the plaintiff in error presented a claim for the "balance of lease-hold payments," although it is admitted that none were then- due. The administratrix allowed the claim as a "contingent claim" and it was subsequently approved as such by the court. No payments were made on the claim or pursuant to the lease agreement out of the assets of the estate of the deceased lessee. At the hearing on the administratrix' final account and petition for distribution, the lessor appeared by counsel and objected to the distribution of the estate to the heirs unless provision be made for his "contingent claim" by depositing a sum of money in the court clerk's office sufficient to take care of all of the future rentals called for by the lease. It seems that at that time the lease had a period of twelve years or so to run and that the total rentals which the lessor could expect under his lease, provided it continued in effect, would be in excess of $350,000.00. According to the inventory and appraisement, the total assets of which Mr. Snyder died the owner equaled $196,407.66.

The trial court refused the lessor's request to withhold the estate from distribution to the heirs, but did provide in its order allowing the final account and decreeing distribution that the heirs would be liable to the lessor to the extent of the value of the share of the deceased's property thereby distributed to them. The lessor appealed.

Apparently this particular question has never been decided before in this jurisdiction.

The plaintiff in error, for convenience, will be hereafter referred to as lessor or as Baker. The defendant in error will hereafter be referred to as administratrix or as the estate.

The statute—above quoted—was adopted in the form in which it appears from

South Dakota. A 1929 decision of the Supreme Court of that state is called to our attention by the lessor as persuasive. The facts of the cited case of Le Sueur v. Quillian, 56 S.D. 289, 228 N.W. 380 reveal that the "contingent" claim there was for damages which the claimant, as the grantee of a warranty deed from the deceased grantor, would suffer because of an encumbrance upon the property covered by the deed when it was conveyed to the grantee by the decedent. The covenant of the deed was broken at the time of the conveyance. A cause of action existed against the grantor at the time he died. There was not a mere possibility of liability, but an actual absolute liability dependent upon the balance due on the indebtedness which the grantee would be obligated to pay to protect the property from the lien of the encumbrance. Under those circumstances, the South Dakota court ordered an amount of money be held in the case sufficient to pay the claim when the amount of it would be determined. That case is not applicable here, where, because of the uncertainties of the situation, it is not absolutely certain that the lessor shall ever have a right of action for breach of the agreement enforceable against the property of one of the co-lessees who is now deceased. An Oklahoma case in which it was shown that the assets of a guardianship estate would be liable under a contract and it was only a question of establishing the amount of such liability is the case of Swift v. McKinney (1926), 123 Okl. 1, 251 P. 734.

In re Ross' Estate, 1935, 141 Kan. 40, 40 P.2d 330 (see also a subsequent treatment by that court of the same case, Jewell v. MacFarland (In re Ross' Estate), 1935, 142 Kan. 469, 50 P.2d 939) which is cited by the lessor holds that a lessor is entitled to have the estate of a deceased lessee sequestered for the future benefit of the lessor. The Kansas statute quoted in the opinion does not refer to claims in the same way as does our Section 596, but refers to "any creditor of the deceased whose right of action shall not accrue within the (adminis-tration period provided by statute) * * *," and then the statute goes on to provide for authority in the administering court to order sequestration of funds to pay the obligation when it does become due. The Kansas court stated that it could hardly conceive of any other wording by which the Kansas statute could be made more inclusive of all "legal liability" resting upon the deceased. It was also pointed out that the lease in question provided specifically that the administrators and executors of the respective parties would be equally bound by the lease. There was even a provision to the effect that the respective personal representatives of the parties should be entitled to receive and to pay the rents. No such similar provisions appear in the lease presently before us.

No cases are cited by lessor which classify unaccrued and unearned rent under a long term lease as a "contingent claim" within the meaning of such words as used in a state statute similar to ours.

In Bowler v. Emery (1908), 29 R.I. 310, 70 A. 7, the court was confronted with a statute which provided for sequestration of estate assets for the benefit of "a person who has a contingent claim against a decedent which cannot be proved as a debt within the time allowed for filing claims etc." The lease in the Rhode Island case was for a term of 99 years. The trial court ordered 75 years of rent sequestered. The appellate court reversed.

There, as here, the lease was not made obligatory upon the personal representatives of the parties. There also the lease had not been breached, but to the contrary (as here) all of the rentals due at the death of the lessee, as well as those which accrued subsequently, were paid by the surviving co-lessees. The court discussed the differences between a possible future liability for rents and "a strict contingent claim." It pointed out that the lessor had no presently enforceable right of action for breach of the agreement against the estate of the deceased co-lessee.

The court remarked on the mandate of the legislature clearly expressed in other statutes that probate matters be accomplished with dispatch and that the appointment of executors and administrators for this purpose be temporary and not for the period which would be necessary if the property was to be held and cared for by the personal representative for a number of years on the off-chance that it might be required to satisfy a possible claim of someone who has now no presently enforceable claim. Discussing the nature of a claim for unearned rent, the court quoted from a Massachusetts decision construing "contingent claims" as follows:

"Before the day at which rent is covenanted to be paid, it is in no sense a debt. It is neither debitum nor solvendum; for, if the lessee is evicted before that day, it never becomes payable. Bordman v. Osborn, 23 Pick. (Mass.) 295."

and,

" * * * (unearned rent) is not an existing demand, the cause of action on which depends upon a contingency, but the very existence of the demand depends upon a contingency. (citing cases)"

The Missouri statute instead of referring to "contingent claims" provided for sequestration of funds to pay "demands not due." The Missouri court held that future rent under a lease for years is not such a "demand not due" as contemplated by the Missouri statute. Elms Realty Co. v. Wood, 1920, 285 Mo. 130, 225 S.W. 1002. The court said:

"The demand here contemplated (by the Missouri statute) is one which, while not due, will surely become due and the present amount or value of which can be determined, and not a contingent or simply possible demand which may never become due, and which there is no known or legal basis for adjusting or determining as equivalent to a certain amount due. The purpose of the statute was to convert demands not due into their present value and render judgment therefor so that such demands could be paid by the administrator and the administration closed."

While we are cognizant of the lessor's argument here that the Missouri statute did not apply to "contingent claims," we think that this is a distinction without any real difference. Whether we are concerned with "demands not due" or "contingent or disputed claims," it appears that where we are concerned with future rents, the fact remains that such future "claims" do not relate to a presently existing and absolute right of action, but only to a possibility of such right arising in the future. It is because such claims have no presently enforceable substance that the Missouri court—as well as the Rhode Island court —held that the statute did not contemplate sequestration of estate assets against only the possibility of a claim being asserted someday.

By similar analogy, Meek et al. v. City National Bank & Trust Co. et al., 1940, 65 Ohio App. 349, 30 N.E.2d 347, supports the rule that under a statute similar in material respect to our Section 596 the assets of an estate of a deceased lessee is not subject to sequestration for the benefit of the lessor.

As between the views expressed in the Rhode Island case of Bowler v. Emery, supra, and the Kansas case of In re Ross' Estate, supra, we believe the better reasoned view is expressed in the case from Rhode Island. We cannot agree that the legislature intended by the enactment of Section 596 that estates be (as in this case it would be necessary) totally withheld from distribution to the heirs of a decedent for a period of years (in this case, twelve) on what is admitted to be a mere possibility of a claim for rent at some time in the future. The result of such a decision could be to delay the final closing and winding up of estates of decedents for a period of time in excess of the lifetimes of the heirs. In view of the other statutes pertaining to the limited time for filing

claims, the inventory of estate assets, etc., it clearly is the intent of the legislature that estates be promptly administered and distributed. We are of the view that the legislature did not intend that the sequestration of estates of decedents provided by Section 596 include unearned, not due, and unaccrued rents under a lease.

The lessor here is in no worse position than he was prior to the death of the lessee. Absent any claim that he was being defrauded, the lessor could not have brought an action at that time against the lessee to restrain the latter from selling or even giving away his property even though the lessor could have shown that the lessee might be thereby rendered unable to make the future rent payments. The lessor has now the same primary remedy for the breach of the lease he has always had to recover the leased property.

The argument is made that if we hold that the trial court was correct and that Section 596 does not apply to unaccrued rent under a lease that we have also held that death of a lessee terminates a lease. We answer that argument by pointing out that the heirs of the deceased lessee are themselves obligated to the lessor by virtue of the trial court's judgment to the extent of the value of the decedent's property inherited by them. If they had wished to treat the lease as dissolved by the death of their decedent and at that time defaulted in the payment of rent under the lease, there would be a possibility that, to the extent of the value of the property owned by the decedent at the time of his death, the lessor could have been compensated for his damages. It is because of this possibility or contingency that a lessor should present his contingent claim to the personal representative of a decedent as required by 58 O.S.1971 § 333, but the filing of such claim —even though necessary—we hold, does not automatically invoke the sequestration provisions of Section 596.

We hold that the "claim(s) not due, or any contingent or disputed claim(s) against the estate" as mentioned in 58 O.S.1971 § 596 does not include not due, unearned and unaccrued rent provided for in a lease agreement so that the court in which the estate of a deceased lessee is being administered is required to order the estate assets or a portion thereof withheld from distribution to the heirs of such decedent for the benefit of the lessor.

The judgment of the trial court is affirmed.

DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, HODGES, McINERNEY and BARNES, JJ., concur.