No. 31,869

In re the Estate of Fred J. Ross, Deceased. Lizzie M. Jewell, *Appellant,* v. Hugh MacFarland, as Administrator, etc., *Appellee.*

(40 P. 2d 330)

Opinion filed January 26, 1935.

*J. H. Brady, N. E. Snyder,* both of Kansas City, and *J. Francis O'Sullivan,* of Kansas City, Mo., for the appellant.

*Hugh MacFarland,* of Topeka, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This is an appeal from a judgment of the district court denying appellant the rights granted her as a creditor of the estate of Fred J. Ross, deceased, to have her claim for rent accrued and to accrue under the terms of the lease paid or sufficient property retained by the administrator for its payment, pursuant to R. S. 1933 Supp. 22-729. The lower court held that the statutes have no application to this sort of a situation. Appellant urges that to so hold would say that in Kansas a lessee's death terminates a lease.

The lease in question was made by L. M. Jewell on February 20, 1926, in which he leased to the deceased, F. J. Ross, and his wife,

Mallie Ross, certain premises in Topeka, known as the "Cremerie building," at 724-726 Kansas avenue, in Topeka. The tenancy was for fifteen years from the first day of August, 1930, ending on August 1, 1945, at noon. The lease provided for a net rental of $3,000 per year, to be paid quarterly in advance each and every year for the period of fifteen years, beginning on the 1st day of August, 1930. In addition he agreed to promptly and punctually pay, prior to the delinquency thereof, all taxes, charges and assessments of every kind, character and nature, general or special; and further covenanted and agreed thereby to pay insurance premiums and other charges for the protection of said property and the lessor therein.

Ross and his wife possessed themselves of the property under the terms of the lease on August 1, 1930, and did pay and perform their covenants according to the tenor of said lease up to and including the time of the death of F. J. Ross on September 16, 1931, and thereafter the colessee did pay and perform the covenants up to May 1; 1932, but on that day the lessee failed and neglected to pay the quarterly rent in advance as provided in said lease, amounting to $750, and has since paid on account of said lease the sum of $250, leaving a balance now due on account of the quarterly rent of $500, which is and has been a proper charge against the lessee.

The appellant had no knowledge of the death of F. J. Ross until about February 1, 1932, no notice having been given to her prior to that time. She alleges that in addition to her claim for $500 there is a liability against the estate of F. J. Ross on account of the terms and conditions imposed by the lease, for the ensuing term of said lease, for cash rental alone to the extent of $37,500, in addition to the other lease rent providing for the claims of taxes, charges and assessments, wherefore claimant asked the court that her claim for the present indebtedness to the extent of $500 be allowed against said estate, and given its proper classification under the general statutes of Kansas, and to prevent the distribution of the assets of said estate until full accord and satisfaction is given for the faithful performance of the terms of the lease. That said contingent liability be adjudicated and made a binding, valid and subsisting lien against the assets of the deceased.

The case was tried on an agreed statement of facts in the probate court which sets out the terms of the lease already stated generally.

Hugh MacFarland was appointed administrator of the estate on September 29, 1931, and has ever since been the duly acting administrator of the estate. It was found that the original lessees, during the lifetime of F. J. Ross, performed all of the covenants of the lease, and that since the death of Ross, the surviving lessee and Hugh MacFarland, trustee, in behalf of Mallie Ross, have continuously performed all of the covenants contained in the lease. There is nothing due and owing the lessor at the present time by virtue of the terms of said lease, and no breach of the lease.

Paragraph four of the original lease provided that in the event of the destruction of the buildings by fire or partial destruction rendering the leased premises wholly unfit for occupancy, the lessor had the option to declare said lease null and void from the date of the damage and destruction. On July 13, 1932, a copy of proof of demand and claim of Lizzie M. Jewell against the estate of F. J. Ross, was presented to Mallie Ross, and to her counsel, Hugh MacFarland, and that said original claim was returned to the defendant acknowledging the receipt of the proof of claim and waiving formal service thereof by Hugh MacFarland on July 23, 1932, and that the same was sent for filing and filed in the probate court of Shawnee county. The trial court found that the entire and total liability on account of the terms and provisions of said lease of which the estate of F. J. Ross, deceased, might be liable up to August 1, 1945, is impossible to determine; that on account of the constant changing in the amount of taxes, the change in the rate of insurance and the forfeiture or cancellation clause, it is not possible to determine the amount which the lessee would be liable for during the term thereof. That the only account which can be definitely determined is the cash recital of $3,000 per year. The cash rental from the date of the death of Ross, at the date of the expiration of the lease would be approximately $41,500. It was then concluded as a matter of law that the claim of the plaintiff against F. J. Ross, deceased, is dependent upon a future contingency, which may never happen, and for that reason is not a valid claim against the estate of F. J. Ross, deceased; that the claim of Lizzie M. Jewell, against the estate of Ross, should be and the claim is hereby disallowed.

The contention of the appellant, L. M. Jewell, is that the statutes and terms of the lease authorize a recovery by the plaintiff, while the defendant insists that no rent or other claim against the de-

fendant is now due, and she contends that it never may become due and therefore no recovery can be had. The lease in its terms states:

"It is covenanted that the heirs, executors, administrators, successors and assigns of both of the parties hereto shall be bound by all of the provisions contained herein."

Then the statute provides that in case of the death of one or more obligors of a joint contract that the joint debt or contract shall survive against the heirs, executors and administrators of the deceased obligors as well as against the survivor. (R. S. 16-102.) There is a further provision that executors and administrators shall have the same remedies to recover rents and be subject to the liabilities to pay them as the testator or intestate. (R. S. 67-519.) Then follows the statute which the plaintiff is invoking for the presentation of her claim. (R. S. 1933 Supp. 22-729.) It provides that:

"Any creditor of the deceased whose right of action shall not accrue within the said one year after the date of the administration bond, may present his claim to the court from which the letters issued at any time before the estate is fully administered, and if on examination thereof it shall appear to the court that the same is justly due from the estate, it may by consent of that creditor and the executor or administrator, order the same to be discharged in like manner as if due, after discounting interest as mentioned in this article, or the court may order the executor or administrator to retain in his hands sufficient to satisfy the same; or if any of the heirs of the deceased, or devisees, or others interested in the estate, shall offer to give bond to the alleged creditor with sufficient surety or sureties, for the payment of the demand in case the same shall be proved to be due from the estate, the court may, if it thinks proper, order such bond to be taken instead of ordering the claim to be discharged as aforesaid, or requiring the executor or administrator to retain the assets as aforesaid."

Does this statute apply to the present case? The claim survives, as we have seen, and is binding upon both parties. It is for a longer period than one year. The statute points out the means for the claims to be adjusted and under this section several means are mentioned. This law, if carried out, fixes the requirements, and, if not carried out, will mean that a tenant's lease will terminate by a lessee's death. It appears to provide for claims of every kind when the debt will accrue later than one year. (*McDaniel v. Putnam,* 100 Kan. 550, 164 Pac. 1167.) It has been found to be "clear, unambiguous and comprehensive," and a like statute in Alabama is cited in a case from which we quote:

"Words more significant to express every demand to which a personal representative can or ought to respond, or which can charge the assets in his hands subject to administration, or more expressive of every legal liability, resting upon the decedent, could not have been employed." (*Fretwell v. McLemore,* 52 Ala. 124, 140.)

In the case of *Newman v. Burwell,* 216 Cal. 608, recently decided, the claim was presented by a divorced wife for payment in the support of a minor child during its minority. Upon the husband's death the executrices of his estate were asked to pay the accrued and accruing debts for the support of the minor child. It was held that the father having been required to pay a monthly sum toward the support of the minor child, placed in the custody of the mother until further orders, the court should discharge the debt on the death of the father whether the liability of the father for the support of his minor child is extinguished by his death or passes on to his estate. In deciding the question the court said:

"It is next urged that it cannot now be definitely determined that the child will reach her majority. . . . Respondents therefore contend that the claim here sought to be established is of such a contingent nature that the court below cannot by any possibility determine what it will be in amount if established or absolute.' . . . We perceive of no substantial objection to a decree directing the defendant executrices to pay into court a sum sufficient to meet the monthly installments of $50 each accruing between the time of decedent's death and the time when the child shall reach her majority." (pp. 614, 615.)

No error was found and the judgment was affirmed.

In *Minneapolis Trust Co. v. Birkholz,* 172 Minn. 231, a decedent entered into a contract with his wife to pay her $1,000 as long as she should live. She made a claim in the probate court petitioning for an allowance during her expectancy of life. In passing on the question the court said:

"This court has held that a contingent claim is one where the liability depends on some future event which may or may not happen and, therefore, makes it wholly uncertain whether there ever will be a liability (citing cases). Respondent's claim is founded on a contract which in effect provides for the payment of an annuity. She has a continuing rather than a contingent claim. A fixed income is to be paid to her for life and the corpus of the estate is chargeable with the payment thereof. True, the total amount required to meet the payments is uncertain, depending wholly on the duration of respondent's life, but that fact does not make the claim a contingent one." (p. 233.)

In *Parker v. Luehrmann et al.,* 126 Neb. 1, the court had under consideration the right of a receiver of an insolvent bank to file a

contingent claim for double stock liability against the estate of a deceased stockholder. In the syllabus the court said:

"A contingent claim against an estate, mentioned in section 30-701, Comp. St. 1929, is one where the liability depends upon some future event, which may or may not happen, and which, therefore, makes it wholly uncertain whether there ever will be a liability. In the case of a contingent claim, the contingency does not relate simply to the amount which may be recovered, but to the uncertainty whether any amount will ever become due."

In *In re Bolton's Estate,* 121 Neb. 737, the court had under consideration a case where the deceased was a stockholder in four banks that had failed, and although there was not any liability upon the stockholders, and it had not yet been determined that there ever would be any such liability, the court required the executor to retain $70,000 to pay such claims, and to retain that amount subject to the payment of stockholder's liability in the defunct banks. The Nebraska statute reads:

" 'If any person shall be liable as security for the deceased, or have any other contingent claim against his estate which cannot be proved as a debt, the same may be presented, with the proper proof, to the county court, which, if satisfied that such claim is a legal demand against said estate, may order the executor or administrator to retain in his hands sufficient to pay such contingent claim when the same shall become absolute.' " (p. 741.)

In *Bowler v. Emery,* 29 R. I. 310, the court held that a claim for rent to accrue in the future for the unexpired term of a lease is not a contingent claim and is proper to be allowed against the estate of a decedent.

That the claim made in this case is not a contingent claim as the lower court held, but is a claim covered by the statute and is both a continuing and a conditional claim, is demonstrated by *Brown's Exor. v. U. S. Trust Co.,* 185 Ky. 747, wherein the court said:

"It is well settled by the authorities that a contract of this character is not terminated by the death of the lessee and that his estate continues liable for the performance of the conditions of the lease until it expires. It is also generally agreed that the obligations of a lessee under the contract pass on his death to his personal representative, who assumes in his fiduciary capacity the performance of the contract in the same manner that its performance could have been demanded of the lessee." (Citing cases.) (p. 751.)

It appears to be settled by the authorities that a contract by decedent in his lifetime not to be paid until after his death does not preclude the enforcement against his estate. Sometimes claims of this character are regulated by statute, as in Kansas, providing that

such claims shall pass to the personal representative, who is required to retain funds of the estate for the purpose of paying such claims when they shall accrue. In such case it is the duty of the administrator or executor to reserve money enough to pay debts before paying devisees. In 16 R. C. L. 855 this language is found:

"The contract of a lessee to pay rent is not discharged by his death, but survives, as in case of other contracts not of a personal nature, as a claim against his estate not only for rent accrued at the time of his death, but also for the subsequently accruing rents; nor can the administrator of a deceased lessee discharge the estate from liability merely by a notice to the lessor of his determination to abandon the leased premises." (Citing cases.)

The statute R. S. 1933 Supp. 22-729 provides for cases of this character where a debt is not terminated by the death of a lessor but survives and becomes assets of his estate and places upon his executor and administrator the obligation to perform a contract. The means of performance are pointed out in the statute and there is discretion of the court to retain in his hands enough to satisfy the debt, discounting the interest, or require a bond by those interested in the estate to the alleged creditor with sufficient sureties for the payment of the demand in case the same shall be proved to be due. This is the way the statute provides for handling a continuing contract or one having a conditional or somewhat contingent provision in it.

It is within the power of the legislature to provide the probate court with power to make such provisions for the payment of continuing contracts after the death of the lessee. Although plaintiff concedes that the act applies on an ordinary indebtedness, it is contended that here it is contingent and therefore cannot be enforced, but, we have seen, it is provided for in the statute and may be enforced. The fact that there is a colessee does not change the provisions of the statute, and neither does the fact that eleven or twelve years of the lease are yet unexpired, and the survivor, colessee or administrator may be required to fulfill the provisions of the lease in accordance with the statute. It survives, and we think it is covered by the provision of the statute under which plaintiff makes her claim.

The judgment is reversed, and the case remanded with directions to grant the request of the plaintiff creditor.