No. 31,869

Mrs. Lizzie M. Jewell, *Appellant*, v. Hugh MacFarland, as Administrator of the Estate of Fred J. Ross, Deceased, *Appellee*.

(50 P. 2d 939)

Supplementary opinion filed November 9, 1935.

*J. H. Brady, N. E. Snyder*, both of Kansas City, and *J. Francis O'Sullivan*, of Kansas City, Mo., for the appellant.

*Hugh MacFarland*, of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, C. J.: The subject of the proceeding was allowance by the probate court of a claim against an estate, the principal portion of which consisted of installments of rent to become due in the future, pursuant to covenants of a lease. The probate court disallowed this portion of the claim. The claimant appealed to the district court, and the district court disallowed the claim. The claimant appealed to this court. This court reversed the judgment of the district court. Because of disagreement of parties, and uncertainty of the district court with respect to the nature of the judgment of this court, the administrator, by leave of court, filed a motion requesting this court to clarify its judgment, which reads:

"The judgment is reversed, and the case remanded with directions to grant the request of the plaintiff creditor."

The judgment seemed to the court to be as simple as it could be made, and the statute pursuant to which it is to be carried out (R. S. 1933 Supp. 22-729) seemed reasonably clear. The judgment will not be disturbed, but some amplification of the opinion may be helpful.

The request of the creditor was in effect that her claim under the lease be allowed against the estate of the deceased lessee, and that

it be satisfied, or that provision be made for its satisfaction. The claim consisted of two classes of indebtedness—matured indebtedness, consisting of matured and unpaid installments of rent, and indebtedness payable in the future. The controversy related to indebtedness payable in the future.

Indebtedness payable in the future consisted of three classes—rent, insurance premiums, and taxes. The amounts of rent installments and the times when they are to be paid were fixed by the lease, and the court could presently and finally adjudicate that each installment constitutes an indebtedness justly due from (owed by) the estate, payable on a specified date.

The amounts of insurance premiums and taxes cannot be determined in advance, but the court could presently and finally adjudicate that such items constitute an indebtedness justly due from (owed by) the estate, to be discharged as they accrue, according to the terms of the lease.

Allowance as a claim against the estate of adjudicated indebtedness should be in accordance with the facts and should not be of a lump sum or sums payable as if already matured.

The indebtedness having been established and allowed, the next step would be an order respecting satisfaction.

The administrator may desire to discharge the entire indebtedness as if now payable. If the creditor consent, the court may make an appropriate order. Should this course be pursued, the amount of the indebtedness is to be discounted. This is easily done with respect to rent. With respect to insurance premiums and taxes, a practical course is the only one open, and the court should find reasonable sums, perhaps average sums, which will probably meet insurance premiums and taxes, and discount those sums. The estate may gain or lose by such a computation, but the purpose of the statute is not to be defeated because exactness is not attainable.

If the indebtedness be not matured and discounted in the manner indicated, the court may direct that the administrator retain in his hands sufficient assets to satisfy the indebtedness as it matures. Compliance with the order contemplates not a general lien on assets, but a segregation of assets to be devoted to the specific purpose, and contemplates that administration of the estate be kept open, not generally, but to accomplish the purpose.

Heirs, devisees or others interested in the estate may procure release of assets from appropriation, either to present or future

satisfaction of the indebtedness, by giving bond to the creditor for payment of the indebtedness as items mature, should the court think this course to be proper, and so order.

The mandate of this court should be carried out by the district court in accordance with views which have been expressed.