No. 32,550

Doris Dockstader Rooney, *Appellee*, v. The Inheritance Tax Commission of The State of Kansas and Verna Spatz, County Treasurer of Mitchell County, *Appellants*.

No. 32,551

Elizabeth Dockstader Kagey, *Appellee*, v. The Inheritance Tax Commission of The State of Kansas and Verna Spatz, County Treasurer of Mitchell County, *Appellants*.

(53 P. 2d 500)

Opinion filed January 25, 1936.

*W. B. Crowther, C. W. Brenneisen, Jr.*, attorneys for the State Tax Commission, and *William N. Tice*, county attorney, for the appellants.

*L. M. Kagey*, of Wichita, and *Leon W. Lundblade*, of Beloit, for the appellees.

The opinion of the court was delivered by

Burch, C. J.: These appeals were taken by the inheritance tax commission, and by the county treasurer of Mitchell county, from judgments of the district court of Mitchell county abating inheritance taxes and ordering inheritance taxes already paid to be refunded.

Alexander T. Rodgers and his first wife had a daughter, Gertrude, who married R. W. Dockstader. The Dockstaders had three children, Noel, Elizabeth, who married Kagey, and Doris, who married Rooney. The first wife died, and the daughter, Gertrude, died. Alexander T. Rodgers then remarried, and subsequently died, leaving as his heirs his second wife, Anna, and his three grandchildren, children of his daughter, Gertrude.

Rodgers had two life insurance policies issued by the North-

western Mutual Life Insurance Co., one for $3,000, and one for $5,000. Gertrude Dockstader was one of the payees named in each policy, and a dispute arose between the widow and the grandchildren respecting payment of the policies. This dispute was composed by agreement as follows:

"It is hereby agreed by party of the first part (widow) and parties of the second part (grandchildren) that the proceeds of both of said policies may be paid by the Northwestern Mutual Life Insurance Company to Mrs. Anna Rodgers, in such manner as she and said company shall determine, and in consideration of such arrangement, and in full accord and satisfaction of the claims of parties of the second part, the said Anna Rodgers hereby agrees with the parties of the second part, that she will make and execute a last will and testament, and, under the terms of said last will and testament, she will give and bequeath to the said parties of the second part the sum of $4,000, which amount shall be and become payable out of the estate of said Anna Rodgers to the parties of the second part, to be equally divided between them, . . . and the said Anna Rodgers shall have the right at any time during her lifetime to pay to parties of the second part the said sum of $4,000, or any part thereof, . . ."

Anna Rodgers died in April, 1933, leaving a will containing the following bequest:

"Fourth: I give, will and bequeath the sum of four thousand dollars ($4,000) to.be divided equally, share and share alike, between Noel R. Dockstader, Elizabeth (Dockstader) Kagey and Doris Dockstader, grandchildren of A. T. Rodgers, late of Beloit, Kan., . . . ; this bequest being made in full settlement of, and in compliance with one certain contract dated September 6, 1920, between this testatrix, Anna Rodgers, and R. W. Dockstader as father and natural guardian of the beneficiaries under this paragraph."

The grandchildren took under the will. Inheritance taxes were charged against the grandchildren's shares, and litigation followed, resulting in the judgments from which the appeals were taken.

The statute involved reads as follows:

"All property, corporeal or incorporeal, and any interest therein, within the jurisdiction of the state, whether belonging to the inhabitants of the state or not, which shall pass by will or by the laws regulating intestate succession, or by deed, grant or gift made in contemplation of death, or made or intended to take effect in possession or enjoyment after the death of the grantor, to any person, absolutely or in trust, except in case of a bona fide purchase for full consideration in money or money's worth; . . . shall be taxed as herein provided." (R. S. 79-1501.)

The decision of the district court was based on the exception relating to deed or grant intended to take effect in possession or enjoyment after death of the grantor, to a bona fide purchaser for full consideration in money or money's worth.

For a claim to insurance money the grandchildren took a promise from Anna Rodgers. The promise was that she would make a will, giving them a stated sum of money. She reserved privileges to pay in her lifetime if she chose, but the definite thing which the grandchildren got was a promise to make a will. The grandchildren surrendered whatever claim they had to insurance money. When the contract became effective they had no insurance money or claim to insurance money, and all the insurance money, when collected, became property of Anna Rodgers, to use or spend as she pleased.

There was no stipulation that the claim of the grandchildren to insurance money was valid. Whether the claim was enforceable cannot be determined from the record. So far as this court knows, Anna Rodgers may merely have bought her peace, or may merely have been generous to her husband's grandchildren. Therefore, statements contained in the brief for the grandchildren, to the effect that Anna Rodgers' will merely fixed the time when the grandchildren would receive money which belonged to them all the time, cannot be accepted.

The contract was not a deed. It contained no present grant to the grandchildren of $4,000, or of any other sum, to take effect in possession or enjoyment after death of Anna Rodgers. It merely provided for future execution of an instrument which would secure to them payment of the sum of $4,000 after death of Anna Rodgers.

While the contract was supported by sufficient consideration, the value of what the grandchildren gave up for the promise of Anna Rodgers to provide by will for payment to them of $4,000 out of her estate, after her death, is not disclosed. There is no certainty that the grandchildren paid "full consideration," that is, paid the equivalent in value of $4,000 in money's worth.

None of the terms of the exception in the statute having been met, and the sum of $4,000 having, in fact, passed by will, the sum was subject to the succession tax.

It is suggested the grandchildren were creditors of Anna Rodgers at the time of her death, and that a bequest in payment of debt is not taxable. The subject need not be discussed. Usually a creditor is a person to whom a debt is owed by another person, who is the debtor. In that sense, the grandchildren were not creditors. Frequently the term "creditor" has a broader meaning. The legislature, however, did not use the term "creditor." It stated its own excep-

tion in its own way. The grandchildren filed no claim against the estate of the testatrix. They chose to take under her will, and having done so, the succession was subject to tax:

"Where persons assume to take property by virtue of a will bequeathing it to them, they are liable for the inheritance taxes imposed on the exercise of their right of succession under the will, and it is immaterial that they might have otherwise established their right to the property through a contract or as cestuis que trust, following *The State v. Mollier,* 96 Kan. 514, 519, 152 Pac. 771." (*The State, ex rel., v. Gerhards,* 99 Kan. 462, syl. ¶ 2, 162 Pac. 1149.) ·

See, also, *Daum v. Inheritance Tax Comm.,* 135 Kan. 210, 9 P. 2d 992.

The grandchildren cite and rely on a paragraph appearing in the opinion in the case of *Nelson v. Schoonover,* on rehearing, 89 Kan. 779, 784, 132 Pac. 1183. From what has been said, it is clear the paragraph would not apply, if authoritative. It is not, however, authoritative. In the opinion in the Daum case, *supra,* it was shown the paragraph was not merely dictum, but dictum of the most inexcusable kind, and it was disapproved for the purpose of the Daum decision. The paragraph is now withdrawn.

The judgments of the district court are reversed, and the causes are remanded with direction to set aside the judgments and to enter judgments in favor of the inheritance tax commission and the county treasurer.