IN RE ESTATE OF ANNIE KOTHE.
MARIE GONSCHIOR, APPELLANT, V. HENRY DREWES, SR., ET AL., ADMINISTRATORS, APPELLEES.

FILED DECEMBER 11, 1936. No. 29700.

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ.

GOOD, J.

From a decree of final settlement in the county court in the estate of Annie Kothe, deceased, Marie Gonschior, sole heir at law, appealed to the district court. After trial and decree in the district court, Gonschior perfected this appeal, and the administrators perfected a separate appeal. Opinions have heretofore been adopted in each of the cases and appear *ante*, pp. 531, 537, 268 N. W. 464, 468. In this cause Gonschior filed a motion for a rehearing, pending which, by order of the court, the cause has been reargued.

The administrators of the estate of Annie Kothe, deceased, filed their final report and petition for final settlement, and on a hearing and decree in the county court Marie Gonschior, the sole heir at law, appealed to the district court. After a trial there, the district court entered judgment for the sole heir at law against the administrators in the sum of $2,416.40, and, being

dissatisfied with the amount of judgment in her favor, Gonschior has appealed to this court.

Among the items in the final report of the administrators, to which objections were made, were the following: Failure of the administrators to account for $75 for oats listed in the inventory; $50 paid to one McCullough for appraising property for income tax purposes; $25 paid to one Jones, stenographer, for transcribing notes in income tax hearing; $12 for witness fees on inheritance tax hearing; $4.40 paid to one of the administrators as witness fee for testifying on his own reports. The court found that each of these items was not properly chargeable against the estate and rendered judgment in favor of Gonschior on each of the items.

The county court allowed the administrators as fees and commissions the total sum of $2,250. In the district court this amount was found to be excessive; that $500 was a reasonable allowance for the fees and commissions, and judgment was rendered in favor of Gonschior for $1,750 on this item. The heir at law contends, however, that, because of the delay and failure of the administrators to account for certain items, and in permitting certain claims to be allowed against the estate that should not have been allowed, the administrators were not entitled to any fees whatever.

In this view we are unable to concur. It appears that Henry Drewes, Sr., and A. M. Berry were appointed jointly as administrators. Mr. Berry had formerly been county treasurer. After he was appointed as an administrator he became mentally incompetent, and the record shows that he has been committed to a hospital for the insane. Mr. Drewes appears to have been a farmer, with limited experience in accounting and bookkeeping. Most of the duties of administering the estate devolved upon him. From his evidence in the record, we are impressed that he was perfectly honest in his undertakings and doings, but he failed to keep a regular account of all of his receipts and doings as administrator. It appears that he

was largely guided by his counsel, W. H. Barnes, of Fairbury, and that, on receiving any item of income for the estate, he took it to Mr. Barnes, who deposited it in a bank account in the name of the administrators. Unfortunately Mr. Barnes, who was a reputable attorney of Jefferson county, was ill during the last year or two of his life and passed away prior to this hearing; Mr. Drewes was not able to have his testimony, and his own memory was faulty and defective. We think that his failure to account for the item of oats was an oversight, and not an intent to defraud the estate.

Complaint is made of the long delay. Annie Kothe died December 2, 1929, and petition for final settlement was not filed until June, 1933. Objection to the report was filed in July, 1933, and partial distribution of the estate was ordered in July, 1933. In December, 1934, additional objections to the reports were filed by the heir, and final decree was not entered in the county court until December 10, 1934. It thus appears that there was an unusual delay which is not fully explained. However, it does appear that among the assets of the estate of Annie Kothe was a real estate mortgage for $6,000, which could not be collected except by foreclosure proceedings; that a foreclosure action had been commenced and had not reached final determination when this hearing was had in the county court. It also appears that there were a number of claimants for the estate of Annie Kothe, and that at one time the state claimed that she died intestate and without heirs, and claimed that her estate should escheat to the state. It does not clearly appear when it was finally determined that Gonschior was the sole and only heir of Annie Kothe, deceased.

In view of these facts, the illness and death of Mr. Barnes, the unfortunate mental condition of Mr. Berry, one of the administrators, may, we think, fairly account for the delay in the settlement of the estate. Under such circumstances, we think the administrators should not be deprived of compensation. The amount finally allowed

by the district court was somewhat in excess of the statutory fee, but it clearly appears that there were extraordinary services rendered by the administrators. The evidence as to the value of their services is somewhat in conflict, but is ample to sustain the finding of the district court.

The heir at law claims that no allowance should have been made to the administrators in excess of their commissions, because no petition or claim was filed by the administrators for extraordinary services, and that such a claim should have been filed, specifying each item of the particular service for which extra compensation was asked. We have carefully examined the objections filed in the county court, and we do not find that this question was raised in that court. It is a familiar rule that appeals of this character to the district court must be tried on the same issues as trial was had in the county court. Since this question was not presented in the county court, it was not one requiring attention by the district court. If the heir at law had desired to litigate that question, it should have been included in the objections made in the county court.

Objection is made to the allowance of attorney's fees. The county court allowed fees in settlement of the estate to the attorneys representing the administrators in the total sum of $1,750. The heir at law contends that no allowance should be made for attorney's fees on account of the way the estate was handled, but we cannot agree with this contention. The district court found that the allowance made by the county court for attorney's fees was excessive to the extent of $500; reduced the amount from $1,750 to $1,250, and rendered judgment in favor of the heir at law in the amount of the excess, to wit, $500.

A large amount of evidence was taken on the question of the value of the services performed by the attorneys for the administrators. Most of the evidence was given in response to hypothetical questions, and the amounts

testified to differed very greatly. The hypothetical questions propounded on behalf of the heir at ˌlaw were not complete, in that they did not take into account all the services rendered by the attorneys, and, on the other hand, the hypothetical questions propounded by the attorneys for the administrators included many items of which there was no proof that such service was performed. However, it fairly appears from the evidence that the value of the services rendered was not far from $1,250, and the finding by the district court of that amount is amply sustained by the evidence.

Complaint is made concerning the allowance of a number of claims against the estate of Annie Kothe for nursing. The record shows that these claims were presented and filed in the regular way; that the administrators filed objections thereto; that hearing was had on each of the claims and allowances made thereon by the county court. No appeal was taken from these allowances. It is a familiar rule that an allowance of claim against a decedent's estate in the county court is, in effect, a final judgment, and unless appealed from is conclusive.

Annie Kothe was the widow of John Kothe, deceased, who predeceased her by a period of six days. He left a will in which Annie Kothe was the sole legatee and devisee. Complaint is made in this case of fees and allowances that were made in the estate of John Kothe, deceased, and also that the inventory in this case fails to show that it included all of the estate of John Kothe on the final settlement of his estate. Evidence upon these points was taken in the district court, but on the conclusion of the hearing the trial court struck out all evidence relating to the estate of John Kothe, deceased. In this we think that the court ruled correctly. That estate was completely administered and the administrators discharged. No appeal was taken from the acts of the administrators in that estate. If there were any irregularities in the administration of the estate of John Kothe, deceased, they cannot be reviewed in this proceeding.

The record seems to be free from prejudicial error. Our former opinion is vacated and withdrawn, and the judgment of the disrict court is

AFFIRMED.