IN RE ESTATE OF LARS A. LARSON.
LA VON ROBERTSON ET AL., APPELLEES, V. ROY O. LARSON,
ADMINISTRATOR, APPELLANT.
293 N. W. 430

FILED JULY 26, 1940. NO. 30864.

*John L. Barber, Jr.,* and *Chatt & Ellenberger,* for appellant.

*Sidner, Lee & Gunderson, contra.*

Heard before ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

The question presented is whether a promissory note, which is not yet due, is entitled to allowance as a claim against the estate of a decedent.

Claims were filed on two notes, totaling $12,500, against the estate of the maker, although the notes were not in default and would not mature until March 1, 1941. The administrator filed objections to their allowance, on the ground that, since they could not have been enforced by suit against the decedent in his lifetime, they were not provable claims against his estate. The county court duly allowed the claims, and the administrator appealed to the district court. A similar order of allowance was made there, with a provision

that "said estate and the defendant herein (administrator) be, and hereby is, granted the privilege of paying said claims and each of them, according to the terms and at the time specified in the notes which form the basis of said claims, and nothing herein contained shall be construed to prevent said administrator from paying said claims in such manner." The administrator has appealed to this court.

In support of his contention, the administrator relies principally upon some expressions in *Colson v. Estate of Johnson*, 111 Neb. 773, 197 N. W. 674. The opinion there says that "such claims are provable as decedent would be liable upon if suit were brought during his lifetime," and that "claimant is attempting * * * to secure a judgment against the estate for a sum not due." What the court actually decided in that case, however, was that the vendor in an executory contract for the sale of land, where the agreements to convey and to pay the purchase money are dependent, is not entitled to file a claim against the estate of the deceased vendee for the purchase money, "for the reason that the county court has no jurisdiction in cases involving the title to lands, nor of cases for specific performance, and is therefore in no position to afford the defendant any protection regarding the conveyance." The complications which such dependent agreements may present in the administration of an estate are not involved in the case of a simple promissory note. Such expressions in the court's opinion as go beyond the facts and the situation actually there involved must be ignored, for otherwise it would appear that the court overlooked and failed to give consideration to sections 30-607 and 30-608, Comp. St. 1929, by which the present situation is controlled.

Section 30-607 provides: "The court shall have power to examine and allow at their present value all demands which will mature against any such estate at a future date including demands payable in specific articles and may set off such demands as in other cases."

Section 30-608 provides: "Nothing in the preceding sec-

tion shall be construed to prevent any executor or administrator from paying any debt which shall be payable at a future day according to the terms and at the time specified in the contract."

These statutory provisions clearly recognize the right to file an unmatured but absolute obligation, such as a promissory note, as a claim against a decedent's estate, and to have it allowed, with the right of immediate enforcement limited, so that the estate may have the opportunity to make payment according to the contract terms. The order of allowance is, of course, in the nature of a judgment (*In re Estate of Kothe,* 131 Neb. 785, 270 N. W. 120), but the purpose of the statute is to prevent the judgment from being enforced except in accordance with the terms of the contract. In order that the closing of an estate may not be unnecessarily delayed, the legislature has given the executor or administrator the right, where it is expedient and assets are available for this purpose, to have the court at any time determine the present value of the obligation and to make immediate payment thereof.

The public has a sound interest in the liquidation and closing of decedents' estates, and such a statutory provision is a proper exercise of legislative authority. It is not an invalid impairment of contract rights for the state to say, as a matter of public policy, that, if an unmatured obligation is filed as a claim against a decedent's estate, the claimant may be required at any time to accept the actual present value of his debt, and cannot be permitted to delay the closing of the estate, the payment of claims to other creditors, the distribution to heirs and beneficiaries, and the final fixing of individual and social rights in the property, by a refusal to accept his money until the maturity date specified in the obligation has expired. The parties will be held to have contracted with reference to the regulatory provisions of the statute, and to have agreed that, if the obligation ever should be filed as a claim against the maker's or obligor's estate, it would be governed, as to its payment, by the provisions of the statute.

The estate insists that claims upon unmatured obligations should be governed by section 30-701, Comp. St. 1929, and section 30-704, Comp. St. Supp. 1939. These sections have application only to contingent claims, and we have already held that a note and any liability against the maker arising out of it are not a contingent claim. *In re Estate of Golden,* 120 Neb. 233, 233 N. W. 893; *In re Estate of Ayres,* 123 Neb. 453, 243 N. W. 274. The fact that the note is secured by a mortgage does not change the character of the liability on the note.

The order of allowance made in this case was proper under section 30-608, Comp. St. 1929, and, as indicated above, if the estate desires at any time to make payment of the claim before it matures, the way is left open to it, under section 30-607, Comp. St. 1929, to make application to have the present value of the obligation or judgment determined by the county court.

AFFIRMED.

ROSE, J., dissenting.

I do not concur in the opinion. If the statute authorizing the county court to require the administrator of an estate to pay, and the payee of a note to accept, payment of decedent's interest-bearing note, before it is due according to its terms, is a part of the note by construction, the enactment of the statute is an unconstitutional interference with the right of private citizens to make private contracts between themselves according to their own mutual and harmless terms, and such legislation, in my opinion, violates a valid obligation of the contract and conflicts with the state Constitution.