No. 35,397

HAZEL JOHNSON TRUNKEY, *Appellant*, v. EARLE R. JOHNSON, *Appellee*.

(121 P. 2d 247)

Opinion filed January 24, 1942.

*N. J. Ward* and *Guy E. Ward,* both of Belleville, for the appellant.

*W. D. Vance, Fred Emery* and *Perry Owsley,* all of Belleville, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action by a resident of the state of Washington against a nonresident of this state to recover moneys due for child support, a part thereof being accrued and due and a part to accrue and become due in the future, and to subject to the payment thereof certain real estate in Kansas allegedly fraudulently conveyed, service being obtained by attachment of the real estate.

The original petition was presented to the district judge, and under order duly made the attachment was had. Thereafter, under order of the court, the plaintiff filed an amended and supplemental petition setting forth four causes of action. The first alleged a liability of $495 for moneys presently due based on a decree rendered by the superior court of Chelan county, Washington, in a divorce action wherein the present plaintiff and defendant were parties, in which decree the present plaintiff was given custody of a minor adopted child, and the present defendant was ordered to pay into the registry of that court for the use of plaintiff in the care of the child, the sum of fifteen dollars per month. The second cause of action was for the same amount based upon the common-law liability of the father to support his child. The third cause of action alleged a liability of $2,010 for the future support of the child until it reached majority based on the above decree, and the fourth cause alleged a like liability based on the father's common-law liability.

To this last petition defendant demurred as to the second, third and fourth causes of action, the substance of the grounds asserted being that the liability alleged in the second cause was merged in the judgment described in the first cause of action; that the liability alleged in the third cause was not final and conclusive as the decree

was subject to modification by the court rendering it, and that none of the installments had ripened into judgment; that the fourth cause did not state a cause of action, it being unnecessary to detail the the reasons. The defendant also demurred to the third and fourth causes of action for the reason that the future claims are not such unmatured claims as are contemplated or covered by statutory provisions relating to attachments for claims not due.

Upon hearing of the demurrer and as a result thereof the trial court sustained the demurrer as to the third and fourth causes of action and found that defendant declined to answer or plead to the first cause of action and confessed judgment thereon, and judgment was accordingly entered in favor of plaintiff and against defendant for $535.58 and interest and costs, and made a lien on the attached real estate, which was ordered sold to satisfy the judgment.

Plaintiff filed a notice of appeal which refers specifically to the rulings on the demurrer to the third and fourth causes of action. In her abstract she has not included any specification of errors, as required by our rule, but in her brief she presents two similar questions. May a divorced wife who has been awarded custody of a child avail herself of the provisions of G. S. 1935, 60-933 to 60-939, to attach property fraudulently conveyed, to secure payment of future amounts for child support (a) under the father's common-law duty, and (b) under a decree for such support?

In a preliminary way, certain matters may be mentioned. No statutes of the state of Washington are pleaded, and therefore we may treat the decree here involved the same as though it had been rendered in this state. There is some argument based on the fact that appellant alleged a purported cause of action for recovery of future accruing installments of support money due under the decree, therefore the purported cause of action based on common-law liability may not be maintained. If the decree is to be treated as a judgment, then the entire claim is to be treated as merged in the judgment. See 34 C. J. 752 (Judgments, § 1163) and Kansas cases cited. We need not pursue that matter fully and determine whether the decree of the Washington court was such a judgment, for in any event there could be but one recovery. Further, although appellant directs our attention to all the provisions of our code of civil procedure for attachment on a claim before it is due, there is here no controversy as to the method followed by appellant, but only applicability of those provisions to the facts of this case. When the ac-

tion was commenced it was twofold, on a past-due claim and on a claim before it was due, but we are now concerned only with the latter phase.

The statute on which appellant relies as authorizing her action is G. S. 1935, 60-933. In substance, it provides that where a debtor conveys his property with fraudulent intent to cheat his creditor or to hinder or delay him in the collection of his debt, the creditor may bring an action on his claim before it is due and have an attachment against the property of the debtor. Applied to this case the question is whether the relationship of debtor and creditor exists, and if there is a claim within the purview of the above code provision.

In 18 C. J. 24 is the following definition:

"The relation of debtor and creditor is thus defined: Wherever one person, by contract or by law, is liable and bound to pay another an amount of money, certain or uncertain, the relation of debtor and creditor exists between them."

See, also, 21 C. J. S. 1048 and 26 C. J. S. 30 for a more extensive treatment.

In *Rooney v. Inheritance Tax Comm.*, 143 Kan. 143, 145, 53 P. 2d 500, it was said:

". . . Usually a creditor is a person to whom a debt is owed by another person, who is the debtor."

In *Henley v. Myers*, 76 Kan. 723, 93 Pac. 168, the question, in part, was extent of claims covered by double liability of stockholders of an insolvent corporation, and it was there stated:

". . . The word 'debt' has several recognized meanings. Any financial obligation is a debt in a broad and general sense; but where the term is used technically and restrictively it implies an ascertained amount, and sometimes as well a foundation in contract. The same distinction exists in the use of the word 'creditor,' which may mean one having any character of claim against another, or one having a liquidated demand based on an agreement." (l. c. 727.)

In support of her contention that she may maintain her action on account of installments for child support coming due in the future, either under the decree or under so-called common-law liability, appellant directs our attention to *Jewell v. McFarland*, 141 Kan. 40, 40 P. 2d 330, 142 Kan. 469, 50 P. 2d 939. That case did involve a claim not due, but it involved no question under the statute now under consideration. What is said in that opinion can hardly be said to be controlling here. There the claim arose on a written lease providing for stipulated rentals, plus certain taxes and assessments, plus insurance premiums and some other charges, and the contro-

versy grew out of the effort of the lessor to protect her interests under that lease by proceedings in the probate court against the estate of the deceased lessee in accordance with provisions of the statutes with reference to decedent's estates. (R. S. 1933 Supp. 22-729.) There the death of the lessee caused a situation where the lessor must assert her claim or lose it. There the claim was definite and certain and not subject to modification by any court—the amount of taxes and other charges could not be known until they accrued, but that they would accrue was certain. In that case there was no doubt but that the relation of debtor and creditor existed.

Appellant also directs our attention to *Newman v. Burwell*, 216 Cal. 608, 15 P. 2d 511, a portion of which is quoted in *Jewell v. McFarland*, supra. An examination of the Newman case discloses that it arose under provisions of the California probate code, and was to establish a claim against decedent's estate for future child support, covered not only by a decree in a divorce suit, but by a provision of a property settlement between the parents.

It is unnecessary to review other cases arising under circumstances similar to those in the cases last mentioned. Cases arising under probate code provisions present a situation hardly comparable to that now before us. When death intervenes, personal liability ceases, and those having claims must look to property left by the decedent against whom a liability might have been asserted.

In *Beasley v. Salkeld*, 131 Kan. 211, 289 Pac. 471, a somewhat similar state of facts was involved, but a different remedy was sought. There it appeared that appellant and the principal appellee had been married and divorced. In the divorce action she was given custody of three minor children, and an order was made that he pay thirty dollars monthly for their support, but no provision for any lien was made. Later the amount was reduced to twenty dollars per month. When the former husband was in arrears of $650 he made a conveyance of his real estate. The former wife brought an action in the nature of a creditor's bill to set aside the conveyance as being in fraud of creditors. Without reviewing what is said in the opinion this court held:

"Following the rule of *Scott v. Scott*, 80 Kan. 489, 103 Pac. 1005, it is held that the decree giving the wife alimony for the maintenance of minor children, of whom she was given custody, payable in monthly installments, without a provision in the decree making the installments a lien on the real estate of the husband, is not a lien on the real estate nor enforceable in an action in

the nature of a creditor's bill to set aside a conveyance alleged to have been fraudulently made." (Syl.)

Under the reasoning of the last case, it would seem that if the wife to whom child support was ordered paid could not maintain an action in the nature of a creditor's bill to set aside an alleged fraudulent conveyance, then the appellant in the present action may not maintain the present action.

Generally it is held that statutes authorizing attachments on claims not due apply only where there is an existing indebtedness which will become due and payable by mere lapse of time, and that a liability which is conditional or dependent upon the happening of some future event is not a debt within the meaning of such statutes. (See 7 C. J. S. 206, 4 Am. Jur. 627, and 65 A. L. R. 1439.)

The pleading here discloses no judgment for any stipulated amounts, but only an order that from time to time in the future the father make certain payments. If unchanged the effect of the order would cease upon death of the child, or upon its marriage (G. S. 1935, 23-106 and 38-101), or upon its having rights of majority cast upon it by operation of law (G. S. 1935, 38-108), or upon its adoption by other persons (G. S. 1939 Supp., ch. 59, art. 21). Likewise it is well settled in this state the district court has power to modify or change any order for the support of minor children, whenever circumstances require, but that it has no power to increase or decrease amounts past due (*Davis v. Davis*, 145 Kan. 282, 65 P. 2d 562), and that installments when due and unpaid become final judgments and may be collected as other judgments (*Sharp v. Sharp*, 154 Kan. 175, 117 P. 2d 561). It would seem by analogy that if the court possessed such power, there would be no finality of judgment and no cause of action as to any installment to come due in the future until it was matured by passage of time. The relation of debtor and creditor would not exist.

Whatever may be the result of a divorce suit as settling marital duties between the parties, the parental duty of the father to support the children remains, unless terminated by decree of court (*Riggs v. Riggs*, 91 Kan. 593, 604, 138 Pac. 628); that a father may be compelled to support his illegitimate child and the child has a cause of action therefor has been determined (*Myers v. Anderson*, 145 Kan. 775, 67 P. 2d 542), and that he has the duty generally to support his child is not open to argument. But does that mean that such a child, or one furnishing it support, has a cause of action to

recover for future support? To so hold would be to hold the relation of debtor and creditor existed, and that such a cause of action could be reduced to judgment and the father effectively prevented from using his property otherwise than for the support of the child. In our judgment that may not be done.

It is to be borne in mind the provisions for attachments in the civil code do not create a cause of action, they merely provide a method whereby a judgment based on a cause of action may be collected. We think it was never intended by the framers of the civil code that in the absence of contract there should be attachment of property for future child support.

The judgment of the trial court is affirmed.