Tim ANDERSON, as Administrator of the Estate of Garland Anderson, Deceased, Petitioner,

v.

The Honorable Neal MERRIOTT, as Judge of the District Court of McCurtain County, Oklahoma, and Betty Markham, Respondents.

No. 49580.

Supreme Court of Oklahoma.

June 8, 1976.

and petitioner Tim Anderson was issued Letters of Administration. On August 4, 1975, Markham presented to petitioner her verified creditor's claim based on the note, along with a second claim for a debt represented by a $900.00 check written by deceased in favor of Markham. The check was dishonored by the drawee bank because of insufficient funds. Both of these claims were rejected by petitioner on September 3, 1975.

On September 12, 1975, Markham filed the present suit pursuant to 58 O.S.1971 § 339 supra. Petitioner's demurrers to plaintiff Markham's petition were overruled, but his motion to require plaintiff to separately state and number causes of action was sustained.

Plaintiffs filed an amended petition on January 13, 1976. Petitioner renewed his demurrers to the amended petition which were again overruled by the trial court and petitioner was given thirty (30) days in which to answer.

On April 13, 1976, petitioner filed this application to assume original jurisdiction and petition for writ of prohibition seeking to prohibit trial court from further proceedings on the grounds it lacked jurisdiction. His demurrer to first cause of action is based on claim suit on note is premature because petition showed on its face that note was not due until January 28, 1976, some fifteen (15) days after amended petition was filed. The demurrer to second cause of action for claim on $900.00 debt is based on premises check was revoked by death of drawer.

■ First we must consider whether plaintiff's *suit on the note was premature* because it was filed before the note was due.

58 O.S.1971 § 333 provides: " * * * All claims arising upon contracts *hereafter* made, whether the same be due, *not due* or contingent, must be presented within the time limited in the notice;

William N. Christian, Idabel, for petitioner.

Jim McClendon, Broken Bow, for respondents.

DOOLIN, Justice.

■ We are assuming jurisdiction in this cause although denying the requested writ in order to be of service to the Oklahoma Bar in interpreting a statute of the State of Oklahoma that heretofore has not been construed by this Court. The statute in question is 58 O.S.1971 § 339:

" § 339. Suit on rejected claim—When a claim is rejected, either by the executor or administrator, or the judge of the county court, the holder must bring suit in the proper court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or *within two months after it becomes due,* otherwise the claim is forever barred." (Emphasis supplied).

On January 25, 1975, Garland Anderson, now deceased, executed a Promissory note for the sum of $10,000.00 plus interest in favor of Betty Markham. The note was made payable one year after its date. Garland Anderson died intestate July 18, 1975

and any claim not so presented is barred forever: \* \* \*" (Emphasis supplied).[1]

Thus it was necessary for plaintiff to file her claims with petitioner within the time limits specified in 58 O.S.1971 § 331 [2] in order for them not to be barred. Also see 58 O.S.1971 §§ 334, 341. It would have been proper for petitioner to allow the claim on the note if valid, even though it was not in default and would not mature until later.

It is not contested claim was timely filed. The problem presented is whether after the claim on an unmatured note is rejected by an administrator, a creditor may file suit pursuant to § 339 supra, at any time after rejection as long as it is within two months after it becomes due, or whether, as petitioner contends, a suit may not be maintained after rejection until the note becomes due.

■ § 339 recognizes an unmatured debt is entitled to the same protection and remedies as one which is due before the death of the debtor. A claim against the estate of a deceased person for an unmatured debt is sufficient if it fully advises the administrator the nature and amount of the demand and sets forth the particulars of such claim. If the claim is properly presented and is rejected, the holder thereof may bring suit thereon in the proper court. *Commercial Inv. Trust v. Harsha,* 116 Okl. 140, 243 P. 955 (1926). Also see *In re Travis' Estate,* 186 Okl. 223, 97 P.2d 50 (1939).

It was proper, because of the rejection of the claim, for plaintiff to bring suit. The question then becomes: Should plaintiff, having a chose in action, have waited until the note was due to file his action on the rejected claim? The critical problem is timing.

■ Statutes of limitations are remedial rather than substantive in that only the remedy and not the right or obligation is barred. *Smith v. Citizens' National Bank in Okmulgee,* 313 P.2d 505 (Okl.1957), *In re Estate of Wood,* 198 Kan. 313, 424 P.2d 528 (1967). Non-claim statutes which supersede general statutes of limitations and which prescribe the manner in which claims may be filed against an estate, are enacted to facilitate closing of estates and to provide a means whereby liabilities of estates may be determined in an expeditious manner. *Haddock v. Williams,* 378 P.2d 774 (Okl.1963).

■ Although treated virtually in like manner, an unmatured note is not a contingent or unliquidated claim which might never become due but rather is *absolute,* the amount being determinable. *In re Ross' Estate,* 141 Kan. 40, 40 P.2d 330 (1935); *Jewell v. MacFarland,* 142 Kan. 469, 50 P.2d 939 (1935); *In re Larson's Estate,* 138 Neb. 544, 293 N.W. 430 (1940).

If we would accept petitioner's interpretation of § 339, an *absolute* debt represented by note not due for several years after the death of the debtor could only be presented to a court within the narrow two months period immediately following its maturity, years in the future. The position of such a creditor would be very tenuous. He might be obliged to stand idly by and watch the estate of his debtor dissipated before the debt matured. This would nullify the purpose of non-claim statutes in shortening statutes of limitations to expedite settlement of estates.

---

1. The first portion of this section provides for claims arising upon a contract made prior to the enaction of the statute and would not be applicable to plaintiff's claims.

2. "§ 331. Notice to creditors to present claims.—Every executor or administrator must, immediately after his appointment, give notice to the creditors of the deceased, requiring all persons having claims against said deceased to present the same, with the necessary vouchers, to such executor or administrator, at the place of his residence or business, to be specified in the notice, within two (2) months from the date of the first publication of said notice; such notice must be published in some newspaper in said county once each week for two (2) consecutive weeks. \* \* \*"

New York has recognized such a situation and held a petition alleging a debt on an unmatured note that was rejected by administrator of debtor's estate states a cause of action in equity entitling petitioner to have the note declared valid before its maturity. *Bankers' Surety Co. v. Meyer*, 146 A.D. 867, 131 N.Y.S. 857, affmd. at 205 N.Y. 219, 98 N.E. 399 (1912).

Other jurisdictions although having different statutory provisions have also allowed suit under similar circumstances. In *Dabney v. Dabney*, 9 Cal.App.2d 665, 51 P. 2d 108 (1935) a contingent claim rejected by an administrator was allowed to be established against an estate. The Supreme Court of Kansas in *Sharpe v. Sharpe*, 120 Kan. 305, 243 P. 274 (1926) allowed a claim by a former wife against the estate of her ex-husband for child support not yet due. In *In re Larson's Estate*, 138 Neb. 544, 293 N.W. 430 (1940) an administrator filed objections to the allowance of an unmatured note on the ground that since the claim could not be enforced before maturity by decedent it was not a provable claim against his estate. The court held it proper to have the value of an unmatured obligation determined by the court. In *In re Ross' Estate*, supra, *Jewell v. MacFarland* supra, a claim against an estate for installments of rent to become due in the future pursuant to a lease was allowed.

■ The death of an obligor on a note does not end the obligation. There is no doubt that in a broad and fundamental sense the representative of a decedent holds his estate as a trust fund for the payment of his debts. *Bankers' Surety Co. v. Meyer* supra. To hold otherwise might allow the estate of a debtor to be relieved from the obligation of payment of a valid note because of the fortuitous death of the debtor.

■ We do not by this decision hold that a demand for *payment* may be made prior to the maturity of a note. We do hold however a suit may be maintained to declare a note valid, and to require an administrator to treat the unmatured note as an approved claim not yet due. See 58 O. S.1971 § 345.[3] Such a suit may be commenced before a note is due, and it may be filed anytime within the statutory period ending two months following the note's maturity.

■ Plaintiff's second cause of action alleges a debt owed her by petitioner for a loan she made to deceased. The debt was paid by deceased prior to his death with a $900.00 check but was dishonored by the drawee bank because of insufficient funds. Petitioner's demurrer is based on his allegation check was revoked before payment by death of drawer, citing 12A O.S.1971 § 4–405.[4] This argument is without merit.

3. "§ 345. Judgment only establishes claim—A judgment rendered against an executor or administrator, in the district court or before a magistrate upon any claim for money against the estate of his testator or intestate, only establishes the claim in the same manner as if it had been allowed by the executor or administrator, and the judge of the county court, and the judgment must be that the executor or administrator pay, in due course of administration, the amount ascertained to be due. A certified transcript of the judgment must be filed in the county court. No execution must issue upon such judgment, nor shall it create any lien upon the property of the estate, or give to the judgment creditor any priority of payment."

4. "§ 4–405. Death or Incompetence of Customer.—(1) A payor or collecting bank's authority to accept, pay or collect an item or to account for proceeds of its collection if otherwise effective is not rendered ineffective by incompetence of a customer of either bank existing at the time the item is issued or its collection is undertaken if the bank does not know of an adjudication of incompetence. Neither death nor incompetence of a customer revokes such authority to accept, pay, collect or account until the bank knows of the fact of death or of an adjudication of incompetence and has reasonable opportunity to act on it.

(2) Even with knowledge a bank may for ten days after the date of death pay or certify checks drawn on or prior to that date unless ordered to stop payment by a person claiming an interest in the account."

§ 4–405 of the Uniform Commercial Code relieves *bank* of liability for payment of checks presented within ten (10) days of drawer's death or for payment without notice of drawer's death. We do not know at what date check was presented for payment. We do know it was returned for insufficient funds not because of drawer's death. The debt still exists and petitioner states a cause of action for such debt in that it has not been satisfied.

Writs denied.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.